UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                        Case No.19-21621-AJC

MARY Z MIRIAN,                                                Chapter 13

    Debtor.
_____/

### HSBC BANK USA, N.A.'S
### OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

HSBC BANK USA, N.A. ("Secured Creditor"), by and through undersigned counsel, files this *Objection to Confirmation of Debtor's Chapter 13 Plan*, and in support thereof states as follows:

1. On August 29, 2019, Mary Z. Mirian ("Debtor") commenced this bankruptcy case by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code [D.E. #1].

2. Secured Creditor holds a security interest in Debtor's real property located at 2750 Northeast 183 Street, Aventura, FL 33160 (the "Property"), by virtue of a Mortgage which is recorded in Official Records Book 24091, at Page 2082, of the Public Records of Miami-Dade County, Florida.  The Mortgage secures a Note in the amount of $80,000.00.

3. Secured Creditor intends to file a Proof of claim in this case, in the approximate principal balance amount of $72,047.75 with arrears in the amount of $75,414.20.

4. According to the *Chapter 13 Plan* [D.E. #15] (the "Plan"), Debtor proposes to pursue a loan modification agreement.

5. Debtor's proposed Plan requests Mortgage Modification Mediation and contains the requisite language concerning the Court's Mortgage Modification Mediation Program. However, to date, Debtor has not filed a Motion for Referral to Mortgage Modification

Mediation nor has Debtor applied directly for loan modification review with Secured Creditor. Debtor cannot modify the subject loan documents solely through Plan treatment.

6. The Plan fails to include the Chapter 13 Plan MMM Language pursuant to the Mortgage Modification Mediation Program Procedures. Secured Creditor objects to the Plan and to any plan which fails to include the appropriate MMM Plan Language.

7. Pursuant to the MMM Program Procedures and the Plan, Debtor is required to pay "*no less than 31% of Debtor's gross incomes as a good faith adequate protection payment to the Lender*" or the regular monthly mortgage payment, whichever is the lesser. The gross income stated on Debtor's schedules is $4,437.00 [D.E. #18]. Debtor is currently paying $648.00 for monthly Homeowner Association dues associated with the property. The adequate protection payment which is due on the subject Mortgage is $987.16, which is the regular monthly mortgage payment and the less of the 31% of Debtor's gross income minus the Homeowner Association dues. Debtor is paying less than the required payment. The Adequate Protection payment requirement is a threshold issue for participation in the mediation process. Secured Creditor objects to any Adequate Protection payment that is less than the requisite amount.

8. Debtor's Plan was filed in bad faith as Debtor's plan was not in compliance with MMM requirements at the time of filing and continues to be deficient.

9. In the event that mediation is unsuccessful, or Debtor fails to seek a referral to the mediation program, then the Plan should be amended to provide for the regular monthly payment of $987.16 which is due on the subject Mortgage, together with a cure of the prepetition arrears. Furthermore, the monthly payment is subject to periodic adjustments for escrow and/or for variable interest rates and, therefore, must be amended during the pendency of the plan in accordance with the loan documents.

      10.      The pre-petition arrearage due Secured Creditor is $75,414.20. Creditor requests that the Plan be amended to provide for these arrearages through plan payments of up to 60 months.

      11.      Secured Creditor hereby reserves the right to supplement this Objection at or prior to the hearing.

      **WHEREFORE**, Secured Creditor respectfully requests the entry of an Order which denies confirmation of the Plan unless such plan is amended to overcome the objections of Secured Creditor as stated herein.

      Respectfully Submitted:

*/s/ Jennifer Laufgas*
Jennifer Laufgas, Bar No.56181
Attorney for Secured Creditor
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: Jlaufgas@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Objection to Confirmation* was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR**
Mary Z Mirian
2750 NE 183 Street Apt 1811
North Miami Beach, FL 33160

**DEBTOR'S ATTORNEY**
Carolina A Lombardi
Legal Services of Greater Miami, Inc.
4343 West Flagler Street #100
Miami, FL 33134
CLombardi@legalservicesmiami.org

**TRUSTEE**
**(via electronic notice)**
Nancy K. Neidich
www.ch13miami.com
POB 279806
Miramar, FL 33027
e2c8f01@ch13miami.com

**UNITED STATES TRUSTEE**
**(via electronic notice)**
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

Dated: September 18, 2019

/s/ *Jennifer Laufgas*
Jennifer Laufgas, Bar No.56181
Attorney for Secured Creditor
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: Jlaufgas@aldridgepite.com